**EXECUTIVE TELECARD, LTD., Plaintiff,**

v.

**Theodore J. MAYER, Defendant.**

**No. 95 Civ. 9641.**

United States District Court, S.D. New York.

Oct. 2, 1996.

Ziegler, Ziegler & Altman (Steven Altman and Eric Rosenberg, of counsel), New York City, for Plaintiff.

Robinson Silverman Pearce, Aronsohn & Berman (Herbert Teitelbaum, of counsel), New York City, for Defendant.

### OPINION AND ORDER

STANTON, District Judge.

Executive Telecard, Ltd. sues Theodore J. Mayer, claiming that Mayer, a consultant to (and later an employee of) plaintiff, bought and sold plaintiff's stock in violation of sections 16(b) and 16(c) of the Securities Ex-

change Act of 1934, 15 U.S.C. §§ 78p(b) & (c). Defendant moves to dismiss the section 16(c) claim on the ground that there is no private right of action under that section.[1]

■■■■ "Whether an implied private right of action exists under a federal statute is strictly a matter of congressional intent." *Chan v. City of New York*, 1 F.3d 96, 102 (2d Cir.), *cert. denied*, 510 U.S. 978, 114 S.Ct. 472, 126 L.Ed.2d 423 (1993). When the statute is silent as to whether it may be enforced by private action, as in section 16(c), the court examines the four factors set forth in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), to wit, (1) whether the plaintiff is one of the class for whose "especial benefit" the statute was enacted, (2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one," (3) whether it is "consistent with the underlying purposes of the statutory scheme to imply such a remedy for the plaintiff," and (4) whether the claim is "one traditionally relegated to state law." 422 U.S. at 78, 95 S.Ct. at 2088. The last two factors "are only of relevance if the first two factors give indication of congressional intent to create the remedy." *California v. Sierra Club*, 451 U.S. 287, 298, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981). It is plaintiff's burden to show that Congress intended to make a private remedy available. *Suter v. Artist M.*, 503 U.S. 347, 363–64, 112 S.Ct. 1360, 1370, 118 L.Ed.2d 1 (1992).

■■■■ Plaintiff and defendant agree that the legislative history of the Exchange Act is silent about whether Congress intended to provide a private right of action to enforce section 16(c). Plaintiff argues that such silence does not prevent a court from inferring such an intent, and that some of the *Cort* factors show that intent with respect to section 16(c). It claims that section 16(c) is for the especial benefit of corporations because it is designed to protect such corporations from their insiders who violate that section; that a congressional intent to allow private parties to recover is shown by the fact that section 16(c) proscribes conduct and is not a mere "recordkeeping" provision setting forth filing requirements like section 16(a), for which there is no private right of action, *see, e.g., Scientex v. Kay*, 689 F.2d 879 (9th Cir.1982); and that implying a right of action to enforce section 16(c) is consistent with the statutory scheme because the Securities and Exchange Commission, which is empowered to sue for violations of the Exchange Act, lacks the resources to police such violations.

None of those factors strongly suggest the congressional intent plaintiff claims. While a corporation may be a beneficiary of section 16(c), so is the investing public, especially those who buy from and sell to corporate insiders. That section 16(c) is not a mere "recordkeeping" provision, but proscribes conduct, does not in itself suggest that Congress intended that private parties could use it to recover. *Compare Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979) (observing that § 206 of the Investment Advisors Act of 1940 "simply proscribes certain conduct, and does not in terms create or alter any civil liabilities" in refusing to imply a private right of action to enforce that section). Last, the SEC's limited ability to enforce the securities laws in general does not, without more, show congressional intent to grant a private right of action to enforce a particular statutory provision. *Compare Piper v. Chris–Craft Indus., Inc.*, 430 U.S. 1, 41, 97 S.Ct. 926, 949, 51 L.Ed.2d 124 (1977) (observing that the SEC's "institutional limitations alone do not lead to the conclusion that any party interested in a tender offer should have a cause of action for damages against a competing bidder" in refusing to

1. Section 16(c) provides:
   "It shall be unlawful for any such beneficial owner, director, or officer, directly or indirectly, to sell any equity security of such issuer (other than an exempted security), if the person selling the security or his principal (1) does not own the security sold, or (2) if owning the security, does not deliver it against such sale within twenty days thereafter, or does not within five days after such sale deposit it in the mails or other usual channels of transportation; but no person shall be deemed to have violated this subsection if he proves that notwithstanding the exercise of good faith he was unable to make such delivery or deposit within such time, or that to do so would cause undue inconvenience or expense."

imply a private right of action under § 14(e) of the Exchange Act).

There is better support for the view that Congress did not intend to provide a private right of action to enforce section 16(c). Congress expressly granted a private right of action in section 16(b),[2] the section immediately preceding section 16(c), which strongly suggests that Congress omitted any similar reference to a private right of action in section 16(c) because it did not intend to create one. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 432, 107 S.Ct. 1207, 1213, 94 L.Ed.2d 434 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion") (internal quotation marks omitted); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571–72, 99 S.Ct. 2479, 2487, 61 L.Ed.2d 82 (1979) (observing that § 17(a) of the Exchange Act "is flanked by provisions of the 1934 Act that explicitly grant private causes of action" in refusing to imply private right of action to enforce that section); *Scientex v. Kay,* 689 F.2d 879, 882–83 (9th Cir.1982) (relying on § 16(b)'s express provision of a private right of action in determining that Congress did not intend to create a private right of action to enforce § 16(a)).

Plaintiff has not carried its heavy burden of showing that Congress intended to create a private right of action to enforce section 16(c). *See Middlesex County Sewerage Auth. v. Sea Clammers,* 453 U.S. 1, 15, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435 (1981) ("In the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate"). Defendant's motion to dismiss plaintiff's second claim for relief is granted.

So ordered.

---

**2.** Section 16(b) provides in pertinent part:

"Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer...."